NO. 07-01-0131-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 6, 2001



______________________________




IN RE: ESTATE OF BERNETA W. BIVINS, DECEASED



_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. 13,998; HONORABLE JAMES W. ANDERSON, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Julian Bivins filed a Motion to Dismiss on October 24, 2001. The Motion
to Dismiss Appeal is granted and that portion of the appeal involving appellant Julian Bivins
is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed that portion of the appeal
involving appellant Julian Bivins and appellee Joseph E. Batson, Jr. at Bivins' request, no
motion for rehearing will be entertained. 




 Per Curiam 


Do not publish.



and two counts of
indecency with a child, alleged to have occurred on December 10, 2003. The child in
question was the four and one-half year old daughter of appellant's girlfriend. Trial counsel
was hired by appellant and the case proceeded to trial. Appellant entered a plea of guilty
and a jury was selected to assess punishment. 

 Appellant presents a single issue claiming that the failure of appellant's counsel to
strike venireperson Tirey from the jury constituted ineffective assistance of counsel
requiring reversal. We disagree.

 To prevail on a claim of ineffective assistance of counsel, appellant must meet the
two pronged test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984). See Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting
Strickland as the applicable standard under Texas Constitution). Appellant must first
demonstrate that the performance of counsel was deficient. To succeed in this regard,
appellant must show that counsel's representation fell below an objective standard of
reasonableness when viewed at the time of counsel's conduct and compared to prevailing
professional norms. See Strickland, 466 U.S. at 687-91. Additionally, appellant must
show that there is a reasonable probability that the result of the proceeding would have
been different but for the errors of counsel. Id. at 694. A reasonable probability is one that
undermines confidence in the outcome. Id. We begin with a presumption that counsel
rendered adequate assistance. McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App.
1996). Appellant, then, has the burden to prove that counsel's assistance was ineffective 
by a preponderance of the evidence. Patrick v. State, 906 S.W.2d 481, 495 (Tex.Crim.App.
1995). We review the totality of the representation to determine counsel's effectiveness
and any allegations of ineffectiveness must be firmly founded in the record. Thompson v.
State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). 

 Appellant contends that counsel neither requested that venireperson Tirey be struck
for cause nor used a peremptory challenge on Tirey and that this failure constituted
ineffective assistance of counsel mandating reversal. Counsel asked each venireperson
to designate what they thought was the most important purpose of punishment from a list
of three purposes. Tirey opined that protection of society is most important. Appellant
contends, on appeal, that this answer and the fact that Tirey was the newly elected County
Attorney for Hale County should have been a warning to counsel that Tirey would do
everything in his power to incarcerate appellant, yet counsel did nothing to try and
disqualify him for cause. However, this argument ignores several important facts in the
record. First, 26 members of the jury panel answered the question exactly or substantially
the same as Tirey. Second, there is no evidence in the record that Tirey, or any of the
other venirepersons, could not be fair and impartial. Rather, appellant assumes that since
Tirey is the newly elected County Attorney he is inherently biased. Such an assumption
is not supported by the record and, therefore, appellant has not met his burden. Patrick,
906 S.W.2d at 495. Third, a review of the total record reveals that counsel disqualified three
other members of the jury panel for not being able to consider the entire punishment range. 
This is some indication that counsel was representing appellant in a manner consistent with
prevailing professional norms. Further, the record contains numerous pretrial motions and
trial objections upon which counsel was able to obtain favorable rulings. 

 Finally, appellant finds fault in the failure of counsel to use a peremptory challenge
against Tirey. However, appellant's contention is no more than an invitation to second
guess the trial strategy of counsel. The appellant has the duty to present a record with
evidence of the reasons that the allegedly ineffective assistance was not trial strategy. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). If the record does not
present evidence of the reasons for the questioned actions or omissions, then the appellate
court would have to speculate as to the reasons. Id. A decision based on speculation
would be based on no evidence. Id. As the record before us is silent regarding the
reasons counsel did not use a peremptory challenge against Tirey, we will not speculate
as to what those reasons were or what trial strategy was being employed by counsel. 

 In short, the totality of the circumstances do not reveal that counsel's performance
fell beneath objective standards of reasonableness. Strickland, 466 U.S. at 690. 
Accordingly, appellant cannot meet the first prong of Strickland. Inasmuch as appellant has
failed to show that counsel's actions were deficient, there is no need to conduct the harm
analysis. See Tex. R. App. P. 47.1

 The judgment of the trial court is affirmed.


 Mackey K. Hancock

 Justice



Do not publish.